An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE JACOBS FAMILY TRUST OF 1995, U.A.D. 10/5/1995. | No. 63401 |

ROBERT JACOBS, TRUSTEE OF THE JACOBS FAMILY TRUST OF 1995, U.A.D. 10/5/1995
Appellant,
vs.
MARYANN C. JOHNSTON,
Respondent.

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order resolving a petition regarding distribution of property from a trust. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Respondent Maryann Johnston filed suit in the district court to compel distribution of assets held in an investment account in accordance with a trust established by her late sister Annette Jacobs and Annette's husband, appellant Robert Jacobs. Robert objected to the distribution on the ground that, before her death, Annette had transferred the assets from the account identified in the trust to a different account with the intent that the gift would adeem, or fail, in the absence of the original account. Following a hearing, the probate commissioner found that Annette did not intend the gift to Maryann to adeem at the time that the assets were transferred, and therefore, recommended that Maryann

receive a distribution from the trust in the amount of the account assets. *See In re Estate of Holmes*, 43 Cal. Rptr. 693, 695 (Ct. App. 1965) (indicating that adepemtion only occurs under California law when the decedent had the intent, at the time of the transfer, for the gift to adeem).[1] The district court affirmed the probate commissioner's report and recommendation, and this appeal followed.

On appeal, Robert argues that the probate commissioner's conclusion that Annette did not intend the gift to adeem was contrary to the evidence presented, including evidence from which he argued that her intent at the time of transfer could be inferred. Having considered the parties' arguments and the record on appeal, we conclude that substantial evidence supported the conclusion that Annette did not intend the gift to adeem when she transferred the assets. Although some evidence was presented that supported Robert's contention that Annette intended for the gift to Maryann to fail, Robert himself testified that the transfer was done solely to follow their financial advisor, who had transferred to a different investment firm. Furthermore, Maryann and another witness both testified that Annette had repeatedly mentioned that she had made a gift to Maryann in her trust, that Maryann and Annette were extremely close with no hostility or animosity between them up to the time of Annette's death, and that, immediately following Annette's death, Robert stated that he would be giving money to Maryann. Thus, the district court's decision affirming the probate commissioner's report and recommendation was supported by substantial evidence. *See In re Estate*

---

[1]Under its terms, the trust agreement is governed by California law.

*of Bethurem*, 129 Nev. \_\_\_, \_\_\_, 313 P.3d 237, 242 (2013) (holding that this court will uphold the district court's findings of fact if they are supported by substantial evidence).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Gloria Sturman, District Judge
       John Walter Boyer, Settlement Judge
       Phillips Ballenger
       Law Offices of P. Sterling Kerr
       McDonald Carano Wilson LLP/Las Vegas
       Eighth District Court Clerk